**Ryszard BIALACH, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 86, 1999.

Supreme Court of Delaware.

Submitted: Oct. 26, 1999.

Decided: Jan. 26, 2000.

each element of the offense is proved beyond a reasonable doubt."

12. *See Johnson,* 409 A.2d at 1044.

Raymond M. Radulski, Assistant Public Defender, Office of the Public Defender, Wilmington, Delaware, for Appellant.

Timothy J. Donovan, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for Appellee.

Before VEASEY, C.J., WALSH and BERGER, JJ.

PER CURIAM:

Ryzard Bialach was indicted on one count of robbery in the first degree and one count of assault in the second degree. At trial in the Superior Court, Bialach moved for a judgment of acquittal at the close of the State's case. The Superior Court denied that motion · and the jury subsequently convicted him of robbery in the first degree. He now appeals the Superior Court's order denying his motion for judgment of acquittal, claiming the evidence adduced at trial is insufficient to sustain the jury's verdict.

### Facts

The evidence adduced at trial was as follows. Sharon Williams, a radio Shack store employee, saw on the store's closed circuit security camera that Bialach walked behind the front counter where the cash register is located and then immediately left the store. She did not, however, see Bialach take anything or touch the cash register. Williams then checked the register and found that all of the larger denominations of bills and all of the checks were missing. She immediately alerted Raymond Tinsley, the store manager, and they pursued Bialach to the parking lot where they found him sitting behind the wheel of a vehicle that belonged to his girlfriend, Ruje Cleary.

Tinsley attempted to apprehend Bialach but was unable to do so. Tinsley then proceeded to the rear of the vehicle to see the vehicle's license plate number, which he yelled to Williams who was standing nearby. While Tinsley was behind the vehicle, Bialach backed the vehicle out of the parking space striking Tinsley's leg with the vehicle's rear bumper. As a result of the impact, Tinsley suffered injury to his leg.

Police traced the vehicle's license plate number to Cleary, who then led police to Bialach, who denied to police that he took the cash register proceeds. But Bialach did admit that he took an electronic pocket planner from behind the cash register counter. At trial, Bialach took the stand in his own defense and again admitted taking the electronic pocket planner, but denied taking any of the cash register proceeds. He also testified that he did not intend to harm Tinsley, and that he did not realize Tinsley had been hit.

### Discussion

On appeal, Bialach argues that he could not have acted with the intent required by the robbery statute, because Tinsley did not know that he had taken the electronic planner. Bialach contends that when the victim of a theft does not know the identity of the item taken, the perpetrator of the theft cannot act with intent to overcome the victim's resistance to the taking of the property. We find the Defendant's contention without merit.

A claim of insufficiency of evidence requires us to determine "whether, after reviewing the evidence in the light most favorable to the prosecu[tion], any rational trier of fact could have found the essential elements of . . . [the] crime beyond a reasonable doubt."[1]

A person commits robbery in the first degree when, during the commission of a theft, the person uses force to overcome resistance to the taking of property

---

1. *Davis v. State,* Del.Supr., 453 A.2d 802, 803 (1982) (quoting *Jackson v. Virginia,* 443 U.S. 307, 317, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

and thereby causes injury to another.[2] During the commission of the theft of the electronic planner, Bialach used a vehicle to force Tinsley out of the path of his escape and thereby caused injury to Tinsley's leg.

Under Delaware law, a person commits first degree robbery:

> ... when the person commits the crime of robbery in the second degree and when, in the course of the commission of the crime or of immediate flight therefrom, the person or another participant in the crime: (1)[c]auses physical injury to any person who is not a participant in the crime.... [3]

A person commits robbery in the second degree "when, in the course of committing theft, the person uses or threatens the immediate use of force upon another person with intent to: (1)[p]revent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking...." [4] Finally, a person commits theft "when the person takes, exercises control over or obtains property of another person intending to deprive that person of it or appropriate it." [5]

■ Thus, Bialach's conviction should stand if sufficient evidence was introduced at trial for a reasonable juror to conclude beyond a reasonable doubt that Bialach: (1) committed a theft; (2) used force to overcome resistance to the taking of property; and (3) caused physical injury to another. Regardless of whether Bialach committed a theft of the register proceeds, he did commit a theft of the electronic planner.

Neither 11 *Del. C.* § 831 or 11 *Del. C.* § 832 requires the victim of a theft to know the identity of the item taken in order for the perpetrator to act with intent to overcome resistance to the taking of the property. Bialach has failed to point out any authority to support his contention that this element is required. Such a requirement would, in effect, assist thieves adept at concealment. Thus, Bialach's theft of the electronic planner meets the underlying element of a theft.

■ Bialach contends that because neither Tinsley nor Williams knew that he had taken the electronic planner, any force that was used by him could not have been used with the intent to overcome Tinsley's resistance to Bialach's taking of the planner. In response, the State contends that Bialach's use of the car to strike Tinsley and force him out of the way so Bialach could escape satisfies this element.

Bialach's argument, however, is flawed. As previously mentioned, Bialach's presupposition that, for a theft to occur, the victim of the theft must know the identity of the item taken is not supported by Delaware law. Furthermore, in *Stigars v. State* this Court affirmed a conviction for robbery in the second degree where the defendant used a shopping cart to push a store employee out of the way as the defendant fled the store with the merchandise.[6]

Here, Tinsley had reason to believe that Bialach had taken something from the store. Tinsley pursued Bialach out of the store and when he reached Bialach's vehicle he resisted Bialach's taking of that property. In response to Tinsley's actions, Bialach locked the vehicle's doors and backed the vehicle out of the parking space in order to leave the scene. While Bialach backed the vehicle out of the parking space, Tinsley was struck by the vehicle's rear bumper and forced out of Bialach's way. There is no evidence that Bialach intended to strike Tinsley, but a reason-

2.  *See* 11 *Del. C.* §§ 831–832, 841.

3.  11 *Del. C.* § 832.

4.  11 *Del. C.* § 831.

5.  11 *Del. C.* § 841.

6.  *See* Del.Supr., No. 218,1988, 1989 WL 114278, Walsh, J. (Aug. 17, 1989) (ORDER); *cf. Dixon v. State,* Del.Supr., 673 A.2d 1220 (holding that force used solely to effect an escape after the stolen property had been abandoned could not support a robbery conviction).

able conclusion can be drawn that Bialach backed the vehicle out of the parking space in order to get away from Tinsley. Thus, a reasonable juror could conclude beyond a reasonable doubt that Bialach used force against another person with intent to "overcome resistance to the taking of the property" as required by 11 *Del. C.* § 831.

### Conclusion

We conclude that sufficient evidence was adduced at trial to support the jury's verdict. The judgment of the Superior Court is AFFIRMED.