**Ryszard S. BIALACH, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

No. 418, 2000.

Supreme Court of Delaware.

Submitted: March 30, 2001.
Decided: June 7, 2001.

Ryszard S. Bialach, pro se.

Loren C. Meyers, Esquire, Department of Justice, Wilmington, Delaware for appellee.

Before WALSH, HOLLAND and BERGER, Justices.

HOLLAND, Justice.

In 1998, the defendant-appellant, Ryszard S. Bialach was convicted by a Superior Court jury of Robbery in the First Degree. He was sentenced to five years incarceration at Level V, to be suspended after 2-1/2 years for 2-1/2 years at Level IV, in turn to be suspended after six months for Level III probation. Bialach's convictions and sentences were affirmed by this Court on direct appeal.[1]

---

**1.** *Bialach v. State,* Del.Supr., 744 A.2d 983 (2000)(per curiam). Bialach appealed solely on the basis that there was insufficient evidence to sustain his conviction. He did not raise the issue of the sleeping juror either at trial or on appeal.

Bialach then filed a *pro se* motion for postconviction relief with the Superior Court pursuant to Criminal Rule 61.[2] The Superior Court directed Bialach's trial attorney to file an affidavit in response to Bialach's motion. The Superior Court entered a final judgment that denied Bialach's motion for postconviction relief. This is Bialach's appeal from that final judgment.

Bialach has raised four contentions, three of which are related. First, he submits that the Superior Court abused its discretion in failing to address the issue of a juror who allegedly slept during a portion of the trial. Second, he asserts that the prosecution engaged in misconduct by making false statements about the allegedly sleeping juror and by failing to present the appropriate documentation concerning the crime. Third, he contends that his trial counsel provided ineffective assistance by failing to keep him informed, by not objecting to the alleged sleeping juror at trial and by not raising the issue of the sleeping juror on appeal. Finally, Bialach argues there was insufficient evidence presented at trial to sustain his conviction for robbery.[3]

We have carefully considered each of these arguments. We have concluded that all of Bialach's arguments are both without any record support on the merits and procedurally barred. Therefore, the judgment of the Superior Court must be affirmed.

### Sleeping Juror Contention

According to Bialach, one of the jurors slept through closing arguments and jury instructions. In support of that contention, Bialach cites the following exchange between the attorneys and the trial judge, after the instructions were given to the jury:

> The Court: Any exceptions to the charge?
>
> [Defense Counsel]: No exceptions, Judge.
>
> [The State]: Nothing, Your Honor. I would only point out that juror number ten was asleep through most of that, and [defense counsel] put her to sleep and I assisted, and the only person she listened to was the Court.

The above-quoted exchange is the only substantive evidence cited by Bialach in support of his claim that a juror slept through part of his trial. As part of the postconviction proceeding that is now before this Court for review, Bialach's defense attorney at trial filed an affidavit with the Superior Court. It states that, to defense counsel's knowledge, no juror slept through any portion of the closing arguments or jury instructions. The affidavit from Bialach's trial attorney also avers that, had he noticed a juror sleeping or being otherwise inattentive, he would have immediately brought the matter to the trial judge's attention for appropriate action.

In this case, the record reflects that the trial judge first heard any comment about an alleged sleeping juror when, in response to his request for exceptions to the jury instructions, the prosecutor stated that "juror number ten was asleep through most of that." The trial judge determined the prosecutor's remarks were, in essence, a comment about the length of both attorneys' closing arguments. Although criminal trials are generally no place for humor, understanding the prosecutor's comment to be facetious, the trial judge permitted the jury to retire and deliberate without further inquiry.

---

2. *See* Super. Ct.Crim. R. 61.

3. This claim is implicitly included within Bialach's claim of prosecutorial misconduct.

### Juror Claim Fails

A trial judge has wide discretion in deciding how to handle a sleeping juror.[4] In Bialach's case, however, there is no evidence in the record that any juror was ever asleep. In denying Bialach's motion for postconviction relief, the Superior Court concluded that the remarks made by the prosecutor at the end of trial were clearly understood by Bialach's attorney and the trial judge to be facetious rather than serious.[5] The jurist who denied Bialach's motion for postconviction relief was uniquely qualified to make that determination since he was also the judge who presided at trial.

Bialach's claim alleging that a juror slept is based upon the United States Constitution. A reversal of his conviction is mandated if Bialach was deprived of his Sixth Amendment right to a trial by an impartial jury.[6] There is no record evidence at all to support Bialach's allegation that any juror was asleep. Accordingly, we find no violation of Bialach's Sixth Amendment rights.

We have also concluded that Bialach's claim that the Superior Court abused its discretion in failing to address the issue of an alleged sleeping juror is procedurally barred because it was not raised at trial or on direct appeal.[7] Moreover, Bialach has failed to overcome the procedural bar by showing either cause for relief from the procedural default and prejudice from a violation of his rights[8] or a colorable claim of a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.[9] These procedural bars constitute an independent state law basis for affirming the Superior Court's judgment with regard to Bialach's unsubstantiated allegation of a sleeping juror.[10]

### Prosecutorial Claim Time Barred

Bialach raises a claim of prosecutorial misconduct for the first time in this collateral proceeding.[11] This claim relies principally on his contention that the prosecutor misrepresented to the trial judge what he knew about the alleged sleeping juror. The United States Supreme Court has stated:

There is little doubt that postverdict investigation into juror misconduct would in some instances lead to the invalidation of verdicts reached after irresponsible or improper juror behavior. It is not at all clear, however, that the jury system could survive such efforts to per-

---

4. *Tanner v. United States*, 483 U.S. 107, 113–14, 127, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987); *United States v. Freitag*, 7th Cir., 230 F.3d 1019, 1023 (2000); *United States v. Springfield*, 9th Cir., 829 F.2d 860, 864 (1987).

5. In *Shayne*, the Ninth Circuit refused to grant a new trial where a sleeping juror was one of the various errors at trial alleged by the defendant-appellant. *Shayne v. United States*, 9th Cir., 255 F.2d 739, 745 (1958). The Court reasoned that, since the jury was under the direct observation of the trial judge, some action would have taken by the trial judge *sua sponte* if the juror had been asleep for a noticeable amount of time. *Id.*

6. *United States v. Freitag*, 230 F.3d at 1023; *Miller v. Stagner*, 9th Cir., 757 F.2d 988, 995 (1985).

7. Super. Ct.Crim. R. 61(i)(3).

8. *Id.*

9. Super. Ct.Crim. R. 61(i)(5).

10. *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

11. Super. Ct.Crim. R. 61(i)(3).

fect it. Allegations of juror misconduct, incompetency, or inattentiveness, raised for the first time days, weeks, or months after the verdict, seriously disrupt the finality of the process.[12]

The record reflects no evidence demonstrating that any of the prosecutor's conduct constituted a violation of Bialach's constitutional rights.[13] Consequently, with regard to Bialach's second contention, we hold that Bialach has again failed to overcome the procedural bars of Superior Court Criminal Rule 61.

### Trial Attorney Effective

■ In an effort to overcome the procedural defaults that barred his first two arguments, Bialach also claims that his counsel provided ineffective assistance at trial and on appeal. In order to prevail on his claim of ineffective assistance of counsel, Bialach must show that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[14] Although not insurmountable, the *Strickland* standard is exacting and requires the application of a "strong presumption that the representation was professionally reasonable."[15]

■ Bialach's argument on appeal, alleging an ineffective assistance of counsel, is based principally on the contention that his attorney should have objected to the sleeping juror at trial and should have raised that claim on appeal. As noted earlier in this opinion, the affidavit filed by Bialach's trial counsel states that no juror slept through any portion of either the closing arguments or the trial judge's instructions to the jury. In addition, Bialach's attorney asserts that, if a juror had been asleep, he would have brought that situation to the trial judge's attention immediately. The record also indicates that the trial judge had no knowledge of a sleeping juror and concluded that the prosecutor's remark was intended to be humorous.

Bialach has presented no evidence in support of his claim to contradict the affidavit filed by his trial attorney or the recollection of the trial judge. In the absence of a sleeping juror, there was no action to be taken by Bialach's attorney. Consequently, Bialach has failed to demonstrate that his defense counsel's conduct fell below reasonable standards.

### Robbery Evidence Sufficient

■ Bialach's final claim is that there was insufficient evidence to sustain his conviction for Robbery in the First Degree. That issue was raised and decided by this Court in his direct appeal.[16] Therefore, that claim is procedurally barred as formerly adjudicated.[17] Moreover, once again, Bialach has failed to demonstrate that a reconsideration of the claim is warranted in the interest of justice.[18]

12. *Tanner v. United States*, 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987).

13. Super. Ct.Crim. R. 61(i)(5).

14. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

15. *Flamer v. State*, Del.Supr., 585 A.2d 736, 753 (1990).

16. *Bialach v. State*, Del.Supr., 744 A.2d 983 (2000)(per curiam).

17. Super. Ct.Crim. R. 61(i)(4).

18. *Id.*

## Conclusion

The judgment of the Superior Court is affirmed.