**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | : | ID. No. 1503013906 |
| | : | In and for Kent County |
| v. | : | |
| | : | RK15-04-0355-01 Burglary 2nd (F) |
| THOMAS L. FLEETWOOD, | : | RK15-04-0356-01 ATT Theft < 15 (M) |
| | : | RK15-04-0357-01 OFF Touching (M) |
| Defendant. | : | |

**ORDER**

Submitted: January 2, 2018
Decided: January 17, 2018

On this 17th day of January, 2018, upon consideration of Thomas Fleetwood's ("Fleetwood's") Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1.    The defendant was found guilty on November 18, 2015 by a jury of one count of Burglary in the Second Degree, 11 *Del. C.* § 825; one count of Attempted Theft as a lesser included offense of Felony Attempted Theft, 11 *Del. C.* § 531; and one count of Offensive Touching as a lesser included offense of Assault in the Third Degree, 11 *Del. C.* § 601. Fleetwood was found not guilty of Criminal Mischief.

2.    The Court ordered an Investigative Services Office report for sentencing purposes. On January 21, 2016, the State filed a motion to declare Fleetwood an habitual offender pursuant to 11 *Del. C.* § 4214(a). Thereafter, the Court granted the State's motion and declared Fleetwood an habitual offender. On February 9, 2015, the Court sentenced Fleetwood to a total of ten years and thirty days incarceration, suspended for probation after serving an eight years minimum mandatory sentence.

3.    The defendant filed a timely appeal to the Delaware Supreme Court. The Supreme Court then remanded the sentence order because of an error in Sentencing Fleetwood on the Criminal Mischief charge. However, the Supreme Court affirmed

Fleetwood's other convictions.[1]

4.   Fleetwood then filed a *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. His corresponding motion for Appointment of Counsel was denied. In his Rule 61 motion, Fleetwood raised three grounds for relief, in part, alleging ineffective assistance of counsel. The Commissioner issued her Report and Recommendation denying the motion.   Fleetwood filed no written objections to the Commissioner's decision.

**NOW, THEREFORE,** after a *de novo* review of the record in this matter, and for the reasons stated in the Commissioner's Report and Recommendation dated December 6, 2017;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A", is adopted by the Court in its entirety. Accordingly, Fleetwood's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is **DENIED.**

/s/Jeffrey J Clark
Judge

JJC/jb

---

[1] *Id.* at *3.

2

# Exhibit A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No. 1503013906 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK15-04-0355-01 Burglary 2nd (F) |
| **THOMAS L. FLEETWOOD,** | ) | RK15-04-0356-01 ATT Theft < 15 (M) |
| | ) | RK15-04-0357-01 OFF Touching (M) |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Jason C. Cohee, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Thomas L. Fleetwood, *Pro se*

FREUD, Commissioner
December 6, 2017

The defendant, Thomas L. Fleetwood ("Fleetwood"), was found guilty on November 18, 2015 by a jury of one count of Burglary in the Second Degree, 11 *Del. C.* § 825; one count of Attempted Theft as a lesser included offense of Felony Attempted Theft, 11 *Del. C.* § 531; and one count of Offensive Touching as a lesser included offense of Assault in the Third Degree, 11 *Del. C.* § 601. Fleetwood was found not guilty of Criminal Mischief. An Investigative Services Office report was ordered. On January 21 2016 the State filed a motion to declare Fleetwood an habitual

offender pursuant to 11 *Del. C.* § 4214(a). The Court granted the State's motion and declared Fleetwood an habitual offender. On February 9, 2015 Fleetwood was sentenced to a total of ten years and thirty days incarceration including eight year s minimum mandatory as an habitual offender, suspended for probation after serving the eight years minimum mandatory.

A timely Notice of Appeal to the Delaware Supreme Court was filed. Fleetwood raised three issues on appeal summarized by the Supreme Court as follows:

> ...(1) the Superior Court erred by failing to instruct the jury on the lesser included offense of criminal trespass first degree; (2) the prosecutor made improper statements during closing argument amounting to plain error; and (3) the Superior Court erred when it sentenced him for criminal mischief.[1]

The Supreme Court remanded the sentencing claim due to the fact that there had been a clear error in the Court's jury verdict form which caused the Court to improperly sentence Fleetwood on the Criminal Mischief charge which he was found not guilty. The Court affirmed all of Fleetwood's other claims.[2] Next, Fleetwood, *pro se,* filed a Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. His corresponding motion for Appointment of Counsel was denied. In his Rule 61 motion, Fleetwood raises three grounds, in part, alleging ineffective assistance of counsel.

---

[1] *Fleetwood v. State*, 2016 WL 5864585, at *1 (Del. Supr.).

[2] *Id.* at *3.

# FACTS

The following is a summary of the facts as noted by the Supreme Court in its opinion on Fleetwood's Direct Appeal:

(1) A Superior Court jury convicted Thomas L. Fleetwood of burglary second degree, misdemeanor attempted theft, and offensive touching after he was caught in Kennard and Takeisha Smith's apartment holding their belongings. The jury acquitted Fleetwood of criminal mischief....

(2) Just after 1:00 a.m. on March 22, 2015, Kennard called his sister, Takeisha, and asked her to take him to a convenience store. They had just moved into a new apartment together, located above the Driftwood Spirits liquor store on South Bradford Street in Dover. When the two of them returned from the store, they noticed the outside door to the apartment was open.

(3) Kennard entered the apartment first with Takeisha close behind him. Although it was dark, Takeisha saw Fleetwood, a stranger to her, in the laundry room. He was holding her laptops and steaks from their freezer. Takeisha asked the man what he was doing in their home, and if the items he was holding were theirs. Fleetwood then dropped the items on the floor and said, 'They sent me. They sent me from Smyrna.' He told them he had both of their cell phones so they could not call 911. He then attacked Kennard.

(4) As Kennard and Fleetwood fought, Takeisha's cell phone fell out of Fleetwood's pocket. She immediately picked it up and dialed 911. When the police arrived, Kennard told them that he did not

3

know Fleetwood, but recognized him from a nearby pub earlier in the evening. A Dover Police Department detective took photographs of the scene showing steaks and pieces of Takeisha's broken laptops on the floor. One laptop was torn in half and the other device would not turn on. Police arrested Fleetwood and charged him with burglary second degree, attempted theft, assault third degree, and criminal mischief. The assault third degree charge was reduced before trial to offensive touching.

(5) At the close of trial, Fleetwood requested an instruction on criminal trespass first degree, a lesser included offense of burglary. The Superior Court denied the request, finding that the evidence at trial did not support the instruction. The jury convicted Fleetwood of burglary second degree, misdemeanor attempted theft, and offensive touching, but acquitted him of criminal mischief.[3]

## FLEETWOOD'S CONTENTIONS

In his motion Fleetwood raises three grounds for relief:

Ground one: Ineffective Assistance of Councel (sic). Councel (sic) failed to conduct any meaningful pre-trial investigations, never question witnesses, nor explore – develope any line of defense despite suspect testimony.

---

[3] *Fleetwood*, 2016 WL 5864585, at *1.

4

| Ground two: | Ineffective assistance of Councel (sic). Councel (sic) rendered ineffectiveness by failing to timely object or challenge solicited testimony by state witness, procedural error, which was highly prejudicial. |
|---|---|
| Ground three: | The appelant (sic) court abused it discretion: The appellant (sic) court conceded to appelant's (sic) claims/assertion of the Prosecution having made improper and prejudicial remarks but failed to grant relief. |

These claims represent Fleetwood's arguments in total as he did not file any memorandum supporting his motion.

## DISCUSSION

Under Delaware law, this Court must first determine whether Fleetwood has met the procedural requirements of Superior Court Criminal Rule 61(1) before it may consider the merits of his postconviction relief claim.[4] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[5] Fleetwood's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the claims raised in his motion. As this is Fleetwood's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any

---

[4] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991).

[5] Super. Ct. Crim. R. 61(i)(1).

5

claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for the procedural fault and (2) prejudice from a violation of the movant's rights.[6] The bars to relief are inapplicable to a jurisdictional challenge or to a colorable claim or miscarriage of justice stemming from a constitutional violation that "undermines the fundamental legality, reliability, integrity or fairness of the proceeding leading to the judgment of conviction."[7]

Fleetwood's third ground for relief is simply a restatement of the argument he previously raised in his direct appeal. Superior Court Criminal Rule 61(i)(4) bars any ground for relief that was formerly adjudicated unless reconsideration of the claim is warranted in the interest of justice.[8] Fleetwood raised this claim before and the Supreme Court found no prejudice resulting from the Prosecutor's closing arguments. Fleetwood has made no attempt to argue why reconsideration of this claim is warranted in the interest of justice. The interest of justice exception of Rule 61(i)(4) has been narrowly defined to require that the movant show that "subsequent legal developments

---

[6] Super. Ct. Crim. R. 61(i)(3).

[7] Super. Ct. Crim. R. 61(i)(5).

[8] Super. Ct. Crim. R. 61(i)(4).

have revealed that the trial court lacked the authority to convict or punish" him.[9] Fleetwood has made no attempt to demonstrate why this claim should be revisited. This Court is not required to reconsider Fleetwood's claim simply because it is "refined or restated."[10] For this reason, these grounds for relief should be dismissed as previously adjudicated under Rule 61(i)(4).

Fleetwood's remaining two claims, however, are premised to some degree, on allegations of ineffective assistance of counsel. These types of claims are not normally subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Fleetwood, allege ineffective assistance of counsel in order to overcome the procedural default.

However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards.[11] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not "[conduct] trials at which persons who face incarceration must defend themselves without adequate legal

---

[9] *Maxion v. State,* 686 A.2d 148, 150 (Del. 1996) (quoting *Flamer v. State,* 585 A.2d 736, 746 (Del. 1990)).

[10] *Riley v. State,* 585 A.2d 719, 721 (Del. 1990).

[11] *State v. Gattis,* 1995 WL 790961 (Del. Super.), at *3.

> assistance"[;] [i]neffective assistance of counsel, then, is cause for a procedural default.[12]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two part analysis enunciated in *Strickland v. Washington*[13] and adopted by the Delaware Supreme Court in *Albury v. State*.[14]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[15] Second, under *Strickland* the movant must show there is a reasonable degree of probability that but for counsel's unprofessional error the outcome of the proceedings would have been different, that is, actual prejudice.[16] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete

---

[12] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[13] 466 U.S. 668 (1984).

[14] 551 A.2d 53, 58 (Del. 1988).

[15] 466 U.S. at 687-88; *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[16] 466 U.S. at 694; *see Dawson*, 673 A.2d at 1190; *Accord, e.g., Zebroski v. State*, 822 A.2d 1038, 1043 (Del. 2003); *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002); *Steckel v. State*, 795 A.2d 651, 652 (Del. 2002); *Johnson v. State*, 813 A.2d 161, 167 (Del. 2001); *Bialach v. State*, 773 A.2d 383, 387 (Del. 2001); *Outten v. State*, 720 A.2d 547, 552 (Del. 1998); *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992); *Flamer v. State*, 585 A.2d 736, 753-754 (Del. 1990).

*State v. Thomas L. Fleetwood*
ID No. 1403008516
December 6, 2017

allegations of actual prejudice or risk summary dismissal.[17]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[18] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[19] In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[20] Furthermore, the defendant must rebut a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and this Court must eliminate from its consideration the "distorting effects of hindsight when viewing that representation."[21]

In the case at bar, Fleetwood attempts to show cause for his procedural default

---

[17] See, *e.g.*, *Outten v. State*, 720 A.2d 547, 552 (Del. 1998); *Righter v. State*, 704 A.2d 262, 263 (Del.1997); *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Skinner v. State*, 1994 Del. LEXIS 84; *Brawley v. State*, 1992 WL 353838 ; *Younger v. State*, 580 A.2d 552, 556 (Del. 1990); *Robinson v. State*, 562 A.2d 1184, 1185 (Del. 1989). *Accord Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991).

[18] 466 U.S. at 687.

[19] *Id.* at 697.

[20] *State v. Gattis*, 1995 WL 790961 (Del. Super.), at *4.

[21] 466 U.S. at 689; *Dawson*, 673 A.2d at 1190; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

9

by making merely conclusory assertions of ineffectiveness of counsel. In regards to prejudice, Fleetwood simply claims that the failure of counsel to raise certain issues was prejudicial. Under the circumstances of the case, Fleetwood's allegations are meritless. The Supreme Court found no error in the trial. The record includes Trial Counsel's affidavit in which she unequivocally denies any error in her representation of Fleetwood. Trial Counsel also state that she did in fact adequately prepare for the trial and called all appropriate witnesses at trial.[22] Fleetwood has utterly failed to demonstrate prejudice as a result of his counsel's representation. This failure is fatal to Fleetwood's motion. His motion is therefore procedurally barred.[23]

## CONCLUSION

After reviewing the record in this case, it is clear that Fleetwood has failed to avoid the procedural bars of Superior Court Criminal Rule 61(i). Consequently, I recommend that Fleetwood's postconviction motion be ***denied*** as procedurally barred by Superior Court Criminal Rule 61(i)(3) for failure to prove cause and prejudice and Superior Court Criminal Rule 61(i)(4) as previously adjudicated on direct appeal.

/s/Andrea M. Freud
Commissioner

AMF/dsc

---

[22] See Affidavit of Counsel for a complete overview of Counsel's preparation for trial.

[23] *See, e.g. Wright*, 671 A. 2d at 1356; *Wright v. State*, 1992 Del LEXIS 62; *Brawley v. State*, 1992 WL 353838.