# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| State of Delaware | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. 2301008437 |
| | ) | 2301007516 |
| Robert J. Piper, | ) | 2301005855 |
| | ) | |
| Petitioner. | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER

Submitted: November 21, 2024
Decided: January 14, 2025

*Upon Petitioner's Motion for Postconviction Relief,*

## SUMMARILY DISMISSED.

**CONNER, J.**

This 14th day of January, 2025, upon consideration of the Petitioner's timely first motion for postconviction relief and the record on this matter, it appears to the Court that:

1.     Robert J. Piper ("Petitioner") is an habitual criminal and a recidivist. His criminal history includes fifty Title 11 felony arrests, one-hundred-eighty-nine Title 11 misdemeanor arrests, and twenty-one Title 11 arrests for violations. Of these arrests Petitioner has been convicted or adjudicated delinquent eighty-eight times. Forty-four of these eighty-eight convictions are for either Shoplifting, Attempted Shoplifting, or Possession of Shoplifter's Tools.

2.     On July 26, 2023, Petitioner "resolved multiple charges in three criminal cases by pleading guilty to third-degree criminal trespassing, three counts of possession of shoplifter's tools, three counts of shoplifting property worth less than $1500, and noncompliance with conditions of release."[1] In addition to fines and restitution, the Court "imposed an aggregate sentence of thirteen years of imprisonment, suspended after the 169 days that [Petitioner] had already served for one year of probation, with GPS monitoring for the first six months."[2] Despite his lengthy criminal history, this sentence released Petitioner from level V incarceration.

---

[1] *Piper v. State*, 315 A.3d 498, 2024 WL 1574469, at *1 (Del. 2024).
[2] *Id.*

3.      Twenty days later, on August 15, 2023, his probation officer filed a Violation of Probation ("VOP") report alleging Petitioner had violated the terms of his probation. Petitioner admitted that he had violated probation at a hearing on September 22, 2023.  At the hearing, Officer Hopkin's informed the Court that Petitioner had absconded to Maryland.  During his investigation Officer Hopkin's was informed that Petitioner was once again stealing and shoplifting.[3]  Based on Petitioner's repetitive criminal conduct, previous violations of probation, and the incredibly short twenty-day period between his guilty plea and admitted VOP, the Court imposed a sentence of "twelve years and five months of imprisonment, suspended after one year and completion of a program at DOC discretion for decreasing levels of supervision."[4]  The Supreme Court of Delaware affirmed the September 22, 2023, VOP sentence.

4.      On August 16, 2024, Petitioner filed a motion for postconviction relief under Delaware Superior Court Civil Rule 61.  The motion seeks postconviction relief from his representation leading up to the July 26, 2023, guilty plea and sentencing, a proceeding that ended with his release from Level V incarceration.

---

[3] This information was provided to officer Hopkin's by the mother of Petitioner's children; Petitioner's "ex" according to his counsel at the hearing.  The Court was and is cognizant of the potential bias that may color those statements.
[4] *Piper*, 2024 WL 1574469, at *1.

The motion does not seek postconviction relief from the September 22, 2023, VOP hearing and sentencing.

5.  Before the Court can address the merit of Petitioner's motion for postconviction relief the Court must first address the four procedural bars of Rule 61(i).[5] "Under the Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication."[6] Petitioner's motion was timely filed, it is his first motion for postconviction relief on these charges, and the claims asserted are neither procedurally defaulted nor have they been formally adjudicated. Therefore, none of the procedural bars apply to Petitioner's motion.

6.  "Rule 61 allows prisoners to attack their sentence collaterally in the Court where they were originally tried."[7] The Defendant must set forth "a sufficient factual and legal basis for a collateral attack upon a criminal conviction….[8]" The Defendant must establish that his "counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is reasonable probability that the outcome of the proceedings would have been different."[9] Lastly, "[i]f it plainly appears from the motion for postconviction relief

---

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[6] *State v. Smith*, 2024 WL 1434184, at *1 (Del. Super. Ct., Apr. 2, 2024).
[7] *Luby v. State*, 1998 WL 665054, at *1 (Del. 1998).
[8] Super. Ct. Crim. R. 61(a)(1).
[9] *Bialach v. State*, 773 A.2d 383, 387 (Del. 2001).

and the record of the prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal...."[10]  In other words, the Court is permitted to weed out claims that lack colorable merit to strike a balance between fair consideration of postconviction claims and the presentation of scarce defense resources.[11]

7.  Although Petitioner lists four distinct grounds for relief, a closer reading reveals that each claim is unsubstantiated both legally and factually.  "Self-serving assertions are no substitute for facts and evidence."[12]  The best reading of Petitioner's complaints is that he believes the charges should have been dropped or he receive a lesser sentence for his cooperation.  Petitioner also claims he was bullied into taking the plea and therefore it was not made knowingly.  As to his argument that the charges should have been dropped or reduced this is entirely conclusory and unsubstantiated based on the record.  Further, according to the State's response, the Petitioner received a benefit based on his cooperation with the assistance of his counsel.  Therefore, this claim has no merit.

8.  As to the Petitioner's claim that he was intimidated into taking the plea, a review of the record tells a different story.  It is hard to imagine that a person with eighty-eight convictions and adjudications could be coerced into taking this "get out

---

[10] Super. Ct. Crim. R. 61(d)(5).
[11] *Baldwin v. State*, 166 A.3d 938, 939 (Del. 2017).
[12] *State v. Smith*, 2024 WL 1434184, at *2 (Del. Super. Ct., Apr. 2, 2024).

of jail" plea. During the plea colloquy, the Petitioner acknowledged that based on his criminal history he was familiar with the plea process.[13] The Petitioner further stated he had enough time to talk with his attorney, he was satisfied with his attorney and that no one was forcing him to enter the plea.[14] This is consistent with his answers on the TRUTH-IN-SENTENCING Guilty Plea Form. It is also telling that the Petitioner only complained about his plea, again, a plea that despite his horrible criminal record recommended his release from prison, after he chose to violate his terms of probation twenty days after his release from prison. It is abundantly clear that his counsel's representation did not fall below an objective standard of reasonableness.

9. Based on the foregoing, the Petitioner's Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

oc: Prothonotary
cc: Richard Rettig, Deputy Attorney General
Robert Piper, *Pro Se*

---

[13] Plea Transcript at 4.
[14] *Id.* at 8.